

FILED

2003 NOV -4 A 11: 55

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN PISCOTANNO | : | CIVIL ACTION NO. |
| | : | 3:01CV 1311 (CFD) |
| **Plaintiff** | : | |
| VS. | : | |
| TOWN OF SOMERS, GORDON J. MELLO, CONRAD MCINTIRE, JR. | : | OCTOBER 31, 2003 |
| **Defendants** | : | |

### DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 9(c) the Defendants respectfully reply to the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment. Such opposition is dated October 17, 2003 and was received by undersigned counsel on October 29, 2003.

I.   **The Plaintiff Improperly Claims That A Single Act By The Defendant, Gordon Mello, Created Municipal Liability Against The Defendant, Town of Somers:**

The Plaintiff's reliance on *Pembaur v. City of Cincinnati*, 475 U.S. 469

*(1986)* in support of her argument that the single act of a former first selectman in temporarily recessing a meeting of a three member Board of Selectmen created municipal liability against the Town of Somers is misplaced.

(1) The Plaintiff has not pled or presented any evidence that any act or decision by former First Selectman Gordon Mello was officially sanctioned or ordered by the Town of Somers.

(2) The Plaintiff has not offered any references to state law to support her contention that one selectman on a three-member Board of Selectmen had final policy-making authority on any matter relevant to this lawsuit.

(3) The Plaintiff has offered no proof that the official who made the decision to temporarily recess a meeting, subject of this lawsuit, has the authority to control the format of a particular meeting of the Board of Selectmen.

Thus, the Plaintiff has not properly supported her position that an official policy of the Town of Somers implemented by a legislative body or authorized decision-maker has intentionally deprived her of a federally protected right.

II. **The Plaintiff Has Failed To Establish An Equal Protection Violation Recognizable As A Class Of One Claim:**

The standard needed to establish a class of one argument against a municipal board is set forth in the case of <u>Yerardi's Moddy Street Restaurant and</u>

<u>Lounge v. Board of Selectmen</u>, 932 F.2d 89, 92 (1st Cir. 1991). In <u>Yerardi</u> the First Circuit held that a municipal board could be liable for violation of the equal protection rights of a liquor licensee <u>if</u> that licensee could prove that the board imposed an earlier closing time upon it than other licensees (1) similarly situated <u>and</u> that such selective treatment was based upon impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights. 932 F.2d at 97, quoting <u>LeClaire v. Saunders</u>, 627 F.2d 606, 609-10 (2d Cir. 1980). The Second Circuit has consistently required a showing of treatment different from others <u>similarly situated</u> solely because of a malicious bad faith intent to injure the person. See generally: <u>Lisa's Party City, Inc. v. Town of Henrietta</u>, 185 F.3d 12 (2d Cir. 1999); <u>Crowley v. Courville</u>, 76 F.3d 47, 52-53 (2d Cir. 1996); <u>Zahra v. Town of Southold</u>, 48 F.3d 674, 683 (2d Cir. 1995); <u>LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester</u>, 40 F.3d 587 (2d Cir. 1994); <u>Terminate Control Corp. v. Horowitz</u>, 28 F.3d 1335, 1352 (2d Cir. 1994); <u>FSK Drug Corp. v. Perales</u>, 960 F.2d 6, 10 (2d Cir. 1992). See also <u>Get Away Club, Inc. v. Coleman</u>, 969 F.2d 664 (8th Cir. 1992).

The Supreme Court case of <u>Village of Willowbrook v. Olech</u>, notes that a successful class of one argument also requires proof that a Plaintiff has (a) been

intentionally treated different from others similarly situated and (b) that no rationale basis exists for the difference in treatment. *120 S. Ct. at 1074; citing Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); and Allegheny Pittsburgh Coal Co. v. Commission of Webster City, 488 U.S. 336 (1989).* The Plaintiff, Ann Piscotanno, must prove both (A) disparate treatment, and (B) lack of a rationale basis for the disparity.

In this matter the Defendant, First Selectman Gordon Mello has put forth in his brief, affidavit and deposition testimony a rationale basis for not placing the Plaintiff, Ann Piscotanno, on the May 21, 2001 agenda of the Board of Selectmen – namely, he did not want to publicly discuss personnel matters concerning a town employee subject to a collective bargaining agreement without proper notice and legal counsel.

The Plaintiff has failed to cite any substantially similar examples of other similarly situated individuals who had requested that this particular Board of Selectmen discuss a complaint against a town employee subject of a collective bargaining agreement.

**III.    The Plaintiff's Reliance Upon References To "Strategic Lawsuits Against Public Participation" To Support A Claim Against Conrad McIntire Are Unfounded:**

The Plaintiff, Ann Piscotanno, claims at page 14 of her brief in opposition to summary judgment that a type of lawsuit described as a "Strategic Lawsuit Against Public Participation" ("SLAPP") exists. There is no mention of a "SLAPP" lawsuit in the Plaintiff's one-count complaint; nor the later revision to the same. The cases cited infra do not describe "SLAPP" lawsuits as creating a recognizable cause of action relevant to this matter.

Wherefore, the Defendants respectfully move that their Motion for Summary Judgment dated September 12, 2003 be granted.

>THE DEFENDANT, Town of Somers,
>Gordon J. Mello and Conrad McIntire, Jr.
>
>BY _____
>JAMES P. MOONEY, ESQUIRE
>LAW OFFICE OF KELLY AND MOONEY
>2452 BLACK ROCK TURNPIKE
>FAIRFIELD, CONNECTICUT  06825-2407
>(203)373-7780
>Federal Bar No.:  09070

## CERTIFICATION

This is to certify that on October 31, 2003 a copy of the foregoing Defendants' Reply to Plaintiff's Brief in Opposition to Motion for Summary Judgment was mailed, postage prepaid, via first class U.S. mail to:

Attorney Michael P. Farrell
201 Center Street
West Haven, Connecticut 06516

_____
JAMES P. MOONEY, Esquire
Federal Bar No.: 09070